GEORGE P. GIFFORD, Respondent, *v.* RHINALDO W. WATERS
et al., Appellants.

Defendant's firm employed plaintiff, as clerk, for a specified period, agreeing to pay him for his services a certain proportion of the profits of the business, he being entitled to receive on account of his salary thirty-five dollars per week. Defendant, without good cause, discharged plaintiff before the expiration of the time fixed. In an action to recover damages for breach of the contract no evidence was given showing profits. The

referee allowed plaintiff thirty-five dollars per week for the unexpired time. *Held*, no error; that by defendant's action plaintiff was prevented from assisting, by his services, in making profits, or from proving what they would have been, and, in the absence of evidence that profits could not have been earned had he been allowed to continue in defendant's employment, they were not in position to claim that no profits would have accrued; that, therefore, as the damages could not be based upon proof of profits, and as the contract fixed the minimum estimate of the value of plaintiff's services, this furnished a criterion from which the damages could fairly be estimated.

(Argued September 20, 1876; decided October 31, 1876.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover damages for breach of a contract of employment.

On the 29th June, 1872, defendant's firm, R. M. Waters & Co., entered into a written agreement with plaintiff and two others, employing them as clerks for said firm for one year, and agreeing to pay them, as salaries, for their services, a sum equal to one-quarter of the net profits of the business exclusive of said salaries, of which plaintiff was to receive seven-fifteenths. It was also agreed that plaintiff should be entitled to receive on account of his said salary a sum not to exceed thirty-five dollars per week. This agreement was continued by parol for another year. The referee found that defendants on the 6th December, 1873, discharged plaintiff from said employment, and prevented and prohibited him from performing his agreement "without good or sufficient cause or reason of any kind whatever." No evidence was given on the part of plaintiff of profits, and he abandoned all claims for an accounting. Defendant's evidence tended to show that no profits were made. The referee allowed as damages thirty-five dollars per week for the unexpired term of the employment. Further facts appear in the opinion.

*W. H. Arnoux* for the appellants. The referee erred in refusing to find that plaintiff was not to receive a fixed salary,

but a sum proportioned to and conditioned upon the profits of defendants' business. (*Clark* v. *Gilbert,* 26 N. Y., 279; *Loomis* v. *Marshall,* 12 Conn., 78; *Seacord* v. *Burling,* 5 Den., 444–446; *Baxter* v. *Rodman,* 3 Pick., 435; Ad. on Con. [7th Eng. ed.], 299, 667, 709; *Waters* v. *Earl of Mavet,* 2 Q. B., 757; *Hammond* v. *Smith,* 33 Beav., 452; *Bull* v. *Price,* 5 M. &. P., 2; 7 Bing., 237; *Alder* v. *Boyle,* 4 C. B., 635; *Simpson* v. *Lamb,* 17 id., 603–616; *Williams* v. *Smith,* 4 Ill., 524; *Morgan* v. *Birnie,* 9 Bing., 672; 3 M. & S., 76; *Dobson* v. *Hudson,* 1 C. B. [N. S.], 667; *Owen* v. *Lavine,* 14 Ark., 389–396; *Atkinson* v. *Monks,* 1 Cow., 691–707; *Considerant* v. *Brisbane,* 14 How., 487; *Broad* v. *Thomas,* 7 Bing., 99; *Green* v. *Mules,* 30 L. J. C. P., 343–345; *Worden* v. *Dodge,* 4 Den., 159; *Salter* v. *Ham,* 31 N. Y., 328.) Plaintiff can only recover the compensation provided for by the contract. (Smith's Mer. Law [8th Eng. ed.], 415; Ad. on Con. [7th Eng. ed.], 968; *Munro* v. *Butt,* 8 El. & B., 738; *Runger* v. *Gt. W. R. R. Co.,* 5 H. L. Cas., 115; *Franklin* v. *Robinson,* 1 J. Ch., 157; *Read* v. *Raun,* 10 B. & C., 440, 441; *Broad* v. *Thomas,* 7 Bing., 99; *Roberts* v. *Smith,* 4 H. & M., 315–320; *Taylor* v. *Brewer,* 1 M. & S., 290; Whart. on Ag., § 324; *Reeve* v. *Reeve,* 1 F. & F., 280; *Blanchard* v. *Coolidge,* 22 Pick., 151; *Bull* v. *Price,* 237; *Caine* v. *Horsfall,* 519–523; *N. Y. Ins. Co.* v. *Robinson,* 1 J. R., 616; *Cartledge* v. *West,* 2 Den., 378; *Collender* v. *Dinsmore,* 55 N. Y., 200–210.

*W. I. Butler* for the respondent.

MILLER, J. By the contract between the parties, the defendants agreed to pay the plaintiff and two others, as a salary for their services, a sum which should be equal to one-quarter of the net profits of the business, exclusive of the salary to be divided between them in proportions specified in the contract. The contract also provided that the plaintiff should be entitled to receive on account of the said salary not to exceed the sum of thirty-five dollars per week, as a minimum estimate of the

value of the services. The plaintiff claims damages for a breach of the contract, by reason of the defendants preventing him from performing the same, and the referee found that the defendants discharged the plaintiff from his employment by them before the time fixed for the determination of the plaintiff's services, and prevented and prohibited him from performing the said agreement, or from rendering any services whatever in his said employment without good or sufficient cause or reason, and refused to perform the terms of the agreement. It was, therefore, the fault of the defendants that the plaintiff did not fulfill the contract. They refused to allow this to be done, and in consequence of their action no opportunity was furnished to the plaintiff by services rendered to assist in making the profits, of which he was to receive a proportionate share. Even if no profits had been realized up to the time of the plaintiff's discharge, it is no defence to the plaintiff's claim for damages; for it was not made to appear upon the trial that such profits might not have been earned if the plaintiff had been allowed to continue in the defendants' employment until the close of the period fixed for the termination of the contract. The plaintiff, therefore, was not to blame because no profits were earned, and upon the facts presented was lawfully entitled to indemnity for all losses sustained by reason of the failure of the defendants to fulfill the contract. Such losses could not be determined by proof of profits, because the act of the defendants had deprived the plaintiff of an opportunity to furnish any such evidence, and after having done this they are not in a position to claim that no profits would have accrued if the contract had been fulfilled. They cannot thus relieve themselves from liability. If they had discharged the plaintiff and then discontinued the business entirely, thus preventing any future profits, it would be no answer to a claim for remuneration that there were no profits. They stand precisely in this position in the case at bar, and are not relieved from it by the fact that without the plaintiff's services, his aid and assistance, they did not make any profits. It must be assumed

from the evidence and the findings of the referee, that the plaintiff was injured by the breach of the contract, and as the defendants have fixed a definite value upon the plaintiff's services, if he had been allowed to continue to perform the same according to the contract by providing for the payment of a specific sum weekly, they have furnished a criterion from which the damages may be fairly estimated. They thereby assented to this amount as a minimum estimate of the value of the plaintiff's services, and it may properly be considered as a reasonable compensation for the same for the period during which he remained unemployed under the contract and as none other can be furnished in consequence of the defendants' act, this sum was properly adopted by the referee as the true measure of damages. If the views expressed are correct, then the request to find that the plaintiff was not to receive for his services, under the said agreement, any salary or compensation at a fixed or absolute sum, but a sum proportional to and conditional upon the profits of the business of the defendants, and not otherwise, was immaterial and could not affect the case. Nor can any other question presented affect the disposition of the case made by the referee.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.