By the Court.—Truax, J.
There can be no question as to the right of the plaintiff to recover some damages for the breach of the agreement. Loss in a legal sense may be sustained though performance would have been a positive injury to plaintiff (Chamberlain v. Parker, 45 N. Y. 569).
The only difficulty in the case is as to the amount of the damages. Under the agreement entered into between the plaintiff and the defendants, the plaintiff was to receive in lieu of a stated salary, a sum equal to one half the profits of the undertaking, after deducting all the expenses.
The measure of damages for dissolving a partnership before the time fixed in the articles of co-partnership is the prospective profits (Bagley v. Smith, 10 N. Y. 489). The usual way of showing these prospective profits is by showing what profits have already actually been made in the undertaking.
In this case there was no evidence of any past profits. The plaintiff attempted to show her loss by producing witnesses who were theatrical managers, and by asking them generally, from their experience as theatrical managers and from their knowledge of the business, what they would say would be a fair valuation of the plaintiff’s half interest in the contract entered into between, the plaintiff and the defendants. This evidence was incompetent; the opinions of witnesses as to the damages resulting from a particular transaction are not evidence although the witnesses may have knowledge of *77 the subject matter (Teerpenning v. Corn Exchange Ins. Co. 43 N. Y. 279).
This was not a question that called for the opinion of experts. The loss sustained by the plaintiff was to be ascertained as a fact. The opinions of experts as to what plaintiff would have made if she had been allowed to fulfill her contract, unsupported by any facts are immaterial and irrelevant (Wakeman v. Wheeler & Wilson Manf’g Co., 101 N. Y. 206).
Neither was it error to exclude the evidence of one of the witnesses as to what the receipts by the plaintiff from her half interest in an agreement entered into with one Bartley Campbell, some four or five years prior to the making of this agreement, had been. This is not evidence from which the profits under this contract could be fairly estimated. Gifford v. Waters (67 N. Y. 80), is not like this case. The plaintiff in that case was to receive a certain portion of the profits of the business as salary. It was also agreed that he should receive on account of his "salary, thirty-five dollars per week. All he recovered on the trial was this thirty-five dollars per week. There was no proof of profits. The court of appeals held that as the damages could not be based upon proof of profits, and as the contract fixed the minimum estimate of the value of plaintiff’s services, this furnished a criterion from which plaintiff’s damages could fairly be estimated. In the case at bar no such means of judging plaintiff’s loss are furnished.
Plaintiff proved that she purchased certain costumes to be used by her in the business mentioned in the agreement between the parties hereto. It does not appear from that agreement that she was under any obligation to make such purchase; but even if she were she did not prove that she suffered any loss from such purchase.
At the most, plaintiff is only entitled to nominal damages, and it is well settled that a judgment will not be reversed simply to give the plaintiff nominal damages *78 (Reading v. Gray, 37 Super. Ct. 79 ; McConihe v. N. Y. & Erie R. R. Co., 20 N. Y. 495).
Judgment is affirmed with costs.
Sedgwick, Ch. J., and O’Gorman, J., concurred.