## SANDIAS v. MUSTACCHI.

(Supreme Court, Appellate Division, First Department. December 20, 1912.)

1. PARTNERSHIP (§ 304*)—CONTRACT CREATING RELATION—CONSTRUCTION.

A contract between plaintiff and defendant to form and continue a partnership for a year, which provides for a working capital of $15,000 to be provided by defendant, and which declares that plaintiff shall pay the partner an amount equal to interest at 5½ per cent. on $7,500, and which allows a weekly drawing account of $43, of which the copartner shall pay the partner $8 per week as interest, allows a drawing account in anticipation of profits; and where the firm continues for. the year and the business shows a loss, the plaintiff's drawings are chargeable against him.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 701, 702; Dec. Dig. § 304.*]

2. PARTNERSHIP (§ 304*)—ADVANCEMENTS TO PARTNER—LIABILITY.

Where money is advanced to a partner, or he is permitted to take it as a loan, and there are no express terms agreed on, his profits are in the first place answerable for the advancement or loan, and where they are insufficient his share of the stock goes to discharge the balance, and where that is insufficient he becomes a personal debtor for the balance.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 701, 702; Dec. Dig. § 304.*]

3. PARTNERSHIP (§ 122½*)—CONTRACTS CREATING RELATION—BREACH OF CONTRACT—MEASURE OF DAMAGES.

Where a contract between plaintiff and defendant to form and continue a partnership for a year allowed plaintiff, who furnished no part of the capital, a weekly drawing account in anticipation of profits, and the firm made no profits, plaintiff could only recover nominal damages for defendant's breach of contract to continue the firm for a year.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 187; Dec. Dig. § 122½.*]

4. APPEAL AND ERROR (§ 1151*)—DISPOSITION OF CASE ON APPEAL—ENTRY OF PROPER JUDGMENT.

Under Code Civ. Proc. § 1317, authorizing the Appellate Division, when a trial has been before a jury, to render judgment on a motion to direct a verdict, a judgment for substantial damages, where the trial court should have given a requested charge authorizing nominal damages only, will be set aside, and a judgment for nominal damages will be rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506; Dec. Dig. § 1151.*]

Appeal from Trial Term, New York County.

Action by Giuseppi Sandias against Leone Mustacchi. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Wilmer J. McAllister, of New York City, for appellant.

William H. Chorosh, of New York City, for respondent.

CLARKE, J. This action was brought to recover damages for breach of a contract to continue a partnership for one year. The complaint alleges that on or about the 25th of October, 1910, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff and defendant entered into an agreement to form and continue a copartnership in the business of purchase and sale of various articles of export, for a period of one year, commencing on the said date; that the defendant was to invest in said business the sum of $15,000 in cash, and each of the parties was to draw from the said firm the sum of $2,236 per year, or the sum of $43 each week during the continuance of the said agreement; that the plaintiff was to pay to defendant out of his drawing a sum equal to 5½ per cent. on $7,500 in lieu of an investment in that amount, it being understood that plaintiff was to make no actual cash investment; that the copartnership continued until the 19th day of December, 1910, when the defendant committed a breach thereof, in that he failed and refused to continue the same, and thereafter refused to permit plaintiff to draw the amount agreed upon; that the plaintiff duly performed and offered to perform all conditions upon his part to be performed; and that by reason of the breach on the part of defendant he was damaged in the sum of $6,892.

[1] The agreement was oral. The defendant provided the entire cash capital. The plaintiff had no money, either for investment or living expenses. They decided that a working capital of $15,000 would be required. Defendant agreed to provide this sum, plaintiff to pay him an amount equal to interest at 5½ per cent. on $7,500. Defendant asked what plaintiff would need for his living expenses. He said $50 per week, but finally got down to $35 per week, and, figuring that $8 was weekly interest at 5½ per cent. on $7,500, they agreed that each should have a weekly drawing account of $43, and plaintiff should pay defendant $8 per week on interest; profits and losses to be shared equally, and the firm name to be L. Mustacchi & Co. The plaintiff testified: "He spoke about the terms of the partnership—half profits." It was in evidence that no sales were made until the 26th of June, 1911, some six months after the alleged breach, and there was a loss on the operation of the business for that year. The court charged the jury:

"That the books of the defendant show a loss, and not a profit, so that no ground is furnished for the calculation of profits; but if you believe that the agreement was made as alleged by the plaintiff, and was made for a year, and that plaintiff was entitled to draw by that agreement $43 per week from the firm's assets, less $8 a week, which he says he was to pay back to the defendant as interest on the $7,500, then you may award the plaintiff for 44 weeks at $35 per week."

The defendant asked the court to charge that:

"If the jury shall find that there was a binding partnership agreement for a year, and this agreement was violated by the defendant, the damage which the plaintiff has suffered thereby is the loss of one-half of the net profits which the business would have earned during the year, less any sum the plaintiff earned, or by the exercise of reasonable diligence might have earned, during the period"

—which was refused, and exception taken. He also asked the court to charge that:

"If the jury cannot find from the evidence before it that a profit would have resulted if a partnership business had been continued for the full term of one year, then the plaintiff is entitled to nominal damages only"

—which was refused, and exception taken. He also asked the court to charge that:

"That, in considering the amount in which the plaintiff has been damaged by the defendant's breach of the partnership contract, the jury shall not take into consideration the plaintiff's right to draw $43 per week from the business"

—which was refused, and an exception taken. The jury found a verdict for $1,540, and from the judgment entered thereon, and from the order denying a new trial, this appeal is taken.

[2] We think it clear from the evidence that the drawing account allowed was in anticipation of profits, and that if the partnership had continued for the year, and the business had shown a loss, as it did, the amount of said drawings would have been chargeable against the plaintiff.

"In general, when a sum of money is advanced to a partner, or a partner is permitted to take it as a loan, and there are no express terms agreed upon, his profits are, in the first place, answerable; and if they are insufficient his share of the stock goes to discharge this balance, and if that is insufficient he becomes a personal debtor for the balance." Parsons on Partnership, § 167, p. 215.

The said drawings were not allowed to the plaintiff as compensation to an employé, as in Gifford v. Waters, 67 N. Y. 80, and in the cases cited by the plaintiff, where by the terms of employment a clerk or selling agent was to be compensated in an amount equal to a percentage of the profits, with a drawing account of a certain amount, where it has been held that he was entitled to said drawing account in any event as salary or wages. This was a partnership agreement, and all that either of the parties in such an agreement was entitled to was a division of the profits. The drawing account was merely anticipatory of the ascertainment thereof. It was not a guaranty that plaintiff should receive at least the said amount irrespective of actual results.

[3] As the plaintiff was unable to show that there were, or would have been, any profits, and as it was affirmatively established by the defendant that there were no profits, a recovery was permitted upon an improper basis, and the refusal to charge the requests was error. At best, the plaintiff was entitled to recover a nominal amount.

[4] The defendant requested the court to charge that plaintiff was entitled to nominal damages only. We think that the jury should have been so directed, and section 1317 of the Code of Civil Procedure authorizes this court, when a trial has been before a jury, to render judgment upon a motion to direct a verdict; and as it would be futile to direct a new trial to enable the plaintiff to recover nominal damages, the verdict is therefore six cents damages, and the judgment is modified accordingly, with costs to the defendant. All concur.