(80 Misc. Rep. 492.)

## CASPER v. NAEF.

(Supreme Court, Appellate Term, First Department.    May 8, 1913.)

MASTER AND SERVANT (§ 40*)—WRONGFUL DISCHARGE—ACTIONS—ADMISSION OF EVIDENCE.

In an action for the wrongful discharge of a traveling salesman, whose contract of employment gave him a monthly drawing account, which on final accounting was to be deducted from his total commissions earned, it was prejudicial error to exclude evidence of expenses incurred by plaintiff during his actual employment; the measure of damages for breach of the contract of employment being the additional amount which the employé would have received, had the contract been carried out.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. § 40.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Casper against Albert Naef, doing business as Naef Bros. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Gennert & Gennert, of New York City (Edmund L. Mooney and Henry G. Gennert, both of New York City, of counsel), for appellant.

Blumensteil & Blumensteil, of New York City (Edwin Blumensteil, of New York City, of counsel), for respondent.

GUY, J. Plaintiff, a salesman formerly in the employ of the defendant, sues to recover damages for wrongful discharge. The contract of employment provided that plaintiff should have a "drawing account" of $250 per month, which, on the final adjustment of his account with his employer, should be deducted from the total amount

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of commissions earned. The evidence established, and it was conceded upon the argument herein, that, though the contract does not definitely so state, the plaintiff was to pay, out of the $250 so drawn by him monthly, his disbursements while traveling. A wrongful discharge was established by sufficient evidence to warrant a verdict for some amount in favor of the plaintiff, and the only question remaining on this appeal is whether plaintiff was entitled to recover $250 per month, for the seven months of unexpired term, as salary, or whether his recovery should be limited to the net income remaining to him out of said $250 per month, after deducting his traveling expenses, as based upon the average of such expenses for the months during which he was actually in the employ of the defendant.

The court held, and so charged the jury, that plaintiff was entitled to recover as salary the full amount of the "drawing account," $250 per month, for the unexpired term of seven months, and excluded evidence of expenses incurred by plaintiff during the time of his actual employment. Defendant duly excepted to this ruling. In so ruling, we think the learned court erred. The benefit plaintiff would have derived from his contract, so far as the "drawing account" was concerned, had he not been discharged, would only have been the net amount remaining to him after the payment of traveling expenses, though, on competent proof, he might be able to recover such commissions in excess of the drawing account as he would have earned under his contract, had he not been wrongfully discharged. Plaintiff could not in any event be entitled to be placed in a better position through the breach of the contract by defendant than he would have been in had he been retained in defendant's employ. The measure of damage for breach of contract of employment is the loss of earnings, viz., the additional amount which the person wrongfully discharged would have received, had the contract been carried out. The exclusion of evidence as to traveling expenses was therefore prejudicial error, and necessitates a reversal of the judgment.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.