In the Matter of the Petition of SYDNEY D. ROBINS and Another, to Render and Settle Their Account as Executors of CHARLES DROPKIN, Deceased, and of the Application to Have the Compensation of the Attorneys Fixed. SYDNEY D. ROBINS and Another, as Executors, etc., of CHARLES DROPKIN, Deceased, Appellants; PAUL G. GRAVENHORST, as Special Guardian for GEORGE DROPKIN and Another, Infants, etc., Respondent.— The executor and executrix nominated in the will of the testator appeal from the decree of the Surrogate's Court of Kings county settling their account upon the ground that they are entitled to full commissions in each of their capacities as executors and trustees. Decree of the Surrogate's Court of Kings county, in so far as appealed from, unanimously affirmed, with costs to the respondent payable out of the estate. In our judgment the duties imposed upon the trustees were concurrent or coexistent with their duties as executors and, therefore, they are not entitled at this time to one-half commissions for paying out principal. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.

In the Matter of the Application of WILLIAM GOLDMAN, Appellant, for a Peremptory Mandamus Order against JAMES W. ARMSTRONG, Superintendent of Buildings of the City of Yonkers, County of Westchester, State of New York, Respondent.— Order denying motion for a peremptory mandamus order requiring defendant to revoke a permit and enforce certain zoning law regulations in the city of Yonkers unanimously affirmed, with costs, as a matter of law and not in the exercise of discretion. No opinion. Present — Young, Hagarty, Carswell, Scudder and Davis, JJ.

In the Matter of the Arbitration between MURRAY OIL PRODUCTS CO., INC., Respondent, and EAGLE PAINT & VARNISH WORKS, INC., Appellant.— Order denying motion to confirm the award of arbitrators and granting motion to vacate and set aside the award modified by striking therefrom the provision directing the same arbitrators to proceed *de novo* in accordance with the terms of the agreement and to hear and determine the controversies. As so modified the order is affirmed, in so far as appealed from, with ten dollars costs and disbursements to appellant. The grounds for vacatur of the award were of such a character as to make improvident the resubmission of the controversies to the same arbitrators, the propriety of which resubmission rests in sound discretion. (Civ. Prac. Act, § 1457.) The court seems to be without power to name a neutral arbitrator in place of Schwalb, under the circumstances existing herein. Appeal from order dated October 5, 1934, denying resettlement, dismissed. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.