In the Matter of Supplementary Proceedings: MAX KLEIN, Respondent, v. ROSE PECK, as Executrix, etc., of MAX PECK, Deceased, Appellant.—Appeal discontinued on stipulation. Present — Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ.

BENJAMIN S. KAHN, Respondent, v. ROBERT ANTEVIL, Doing Business under the Firm Name and Style of R. ANTEVIL & Co., Appellant, and FRANK ANTEVIL, Defendant.— In an employee's action for damages for breach of an oral contract of employment on the part of the employer in failing to pay the former several amounts represented by an agreed weekly drawing account, judgment in favor of the plaintiff reversed on the law and a new trial granted, with costs to the appellant to abide the event. Appeal from denial of the motion to set aside the verdict dismissed. We are of opinion that the verdict as a matter of law represents excessive damages in that it is for the agreed amount of the drawing account for the unexpired term of the one year contract of employment, without deduction of any amount for the employee's traveling expenses, which, the undisputed proof demonstrates, were to be paid by him from the drawing account. Hence the award to the employee by reason of the employer's breach accords to the employee a greater financial benefit than he would have received if the employer had performed the terms of the contract. This is contrary to law. (Restatement, Contracts, § 335; 3 Sutherland on Damages [4th ed. (1916)], pp. 2566, 2570; *Casper* v. *Naef*, 80 Misc. 492; *Engel* v. *Mutual Garment Co.*, 166 N. Y. Supp. 981 [not officially published]; *Palmer* v. *New York Herald Co.*, 228 App. Div. 176; affd., 255 N. Y. 572.) There was no exception by appellant to the court's charge, in effect, that if the jury found for the plaintiff, a verdict for the aggregate amount of the installments of the drawing account for the unexpired term should be returned; but this court's power is plenary to take cognizance of the error prejudicial to the appellant presented by the amount of the verdict (*Hollwedel* v. *Duffy-Mott Co., Inc.*, 263 N. Y. 95, 106), and should be exercised. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.

DOROTHY MITTLEMAN, Appellant, v. HERMAN KOFFLER, Respondent.— In an action in negligence to recover damages for personal injuries sustained by plaintiff in an automobile accident, order denying plaintiff's motion to vacate and set aside order precluding plaintiff from giving evidence on the trial with respect to certain items set forth in a prior order directing plaintiff to serve a bill of particulars reversed on the law and the facts and the motion granted upon condition that within five days from the entry of the order hereon the sum of $100 be paid to the respondent by plaintiff's attorney personally because of his neglect in the premises; the bill of particulars to be served within ten days from the entry of the order hereon. In the event of failure to make such payment and serve such bill the order is affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.