LOU N. PREAGER, Respondent, *v.* UNITY SHOEMAKERS CORPORATION, Appellant.

First Department, October 27, 1939.

*Joseph R. Kelley* of counsel [*Swiger, King & Chambers*, attorneys], for the appellant.

*Andrew J. Reisinger*, for the respondent.

O'MALLEY, J. In this action for damages for alleged unlawful discharge, defendant's appeal is predicated upon the grounds (1) that the finding of the jury, that the contract was as claimed by the plaintiff, is contrary to the weight of the credible evidence; and (2) alleged errors in the charge with respect to the measure of damages.

Plaintiff alleged that he was hired as a salesman by defendant on November 7, 1936, for a period of one year on a commission arrangement. His weekly drawing account against commissions was to be $200. The date of discharge was June 19, 1937. Damages in the sum of $4,000, representing the drawing account of $200 weekly for the alleged unexpired term of twenty weeks, were sought.

Defendant, after a general denial, interposed a counterclaim in the sum of $2,447.63 representing the difference between the amount paid to plaintiff on the drawing account and commissions earned. This was predicated upon the alleged promise of plaintiff to return to defendant excess drawings over commissions earned. Upon this appeal no question is raised as to the jury having resolved this issue in plaintiff's favor. Appellant limits its attack to the jury's finding that the hiring was for a definite term and not at will, as claimed by defendant.

With respect to this we are of opinion that there was presented a question of fact and the jury's determination is not against the weight of the evidence but has ample support in that offered on behalf of plaintiff. We are further of the opinion, however, that

there was error in the refusal to charge as requested in certain respects as to the measure of damages.

Plaintiff testified that while on the road he would have expenditures of some $150 to be paid out of the $200 weekly drawing account and that even when at home there would be some expenses for entertainment of prospective customers. He stated, however, that in his judgment he would have earned, had he been permitted to continue his employment to the end of the year, sufficient commissions so that he would have received eventually a net return of at least $200 weekly.

In the main charge on this question the court instructed the jury that they might find for the plaintiff in one of two sums, the first of which was $4,000 representing the amount for which plaintiff sought recovery. This was the verdict returned. When exception was taken, the trial justice said that he had charged that the jury might find in either of two sums, $4,000 or $1,552.37, the latter representing the difference between the amount of the drawing account and the commissions earned. Thereupon defendant's counsel requested an instruction to the effect that if the jury should find that if plaintiff had continued working until November 6, 1937, they " should deduct from the sum of $200 per week whatever sum the plaintiff would have spent in furthering the defendant's business by way of expenses paid by the plaintiff himself while he was getting or doing that business."

In declining so to charge, the court stated that on the theory on which the action had been brought plaintiff was entitled to receive $200 a week for the entire period of the agreement, whatever that might have been. Exception was taken and a further request made that the jury be instructed that in no event could the plaintiff recover more from the defendant than the difference between $200 a week " for the period after his discharge and the expenses to which he would have been put while he was engaged in doing that business." An exception was taken to the refusal to grant this request.

In a case of this character it is well settled that the burden is upon the defendant to show that the plaintiff had secured or could have secured other gainful employment. (*Howard* v. *Daly*, 61 N. Y. 362.) Perhaps, too, it would be for the defendant to show that the plaintiff's commissions would not have increased to the extent claimed by him so that he would be entitled to the net drawing account weekly. (*Gifford* v. *Waters*, 67 N. Y. 80.) So, too, *prima facie* plaintiff's damage was the wage payable. (*Hollwedel* v. *Duffy-Mott Co., Inc.* 263 N. Y. 95.) On the other hand, the burden of proving such actual wage was upon the plaintiff.

From plaintiff's own testimony, the drawing account of $200 weekly was but the gross and not the net wage. When discharged plaintiff was still on the road and for a short time at least would have had his estimated $150 weekly expenditure. His mere statement that in his estimation, had he been permitted to continue for the balance of the year, he would have earned commissions netting him at least the amount of the weekly drawing account, was, insufficient to establish that fact, in the light of his previous experience. (*Palmer* v. *New York Herald Co.*, 228 App. Div. 176; affd., 255 N. Y. 572; *Kahn* v. *Antevil*, 248 App. Div. 889; *Prescott* v. *Buffalo Fire Appliance Corporation*, 237 id. 198; affd., 262 N. Y. 475.)

The jury, therefore, should have been permitted to take these facts into consideration in determining the amount of plaintiff's damages. Accordingly, it was error to refuse to charge in the respects above noted.

It follows, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.