Jambs S. Brown, J.
In this arbitration proceeding petitioner moves for an order modifying the award of the arbitrator on the grounds that the arbitrator so imperfectly executed his powers that a mutual, final and definite award upon the subject matter submitted was not made because of alleged miscalculations of the figures of the arbitrator. Respondents in reply cross-move and seek an order vacating the entire award and directing the arbitrator to hold further hearings to decide not only the issue relating to the employment agreements, but also with respect to the stockholders’ consolidation agreement.
Prior to January 1, 1956 petitioner was the sole stockholder,' officer and director of the respondent Arlington State Paper Box Co., Inc., hereinafter referred to as “Arlington.” The individual respondents were the sole- stockholders, officers and directors of the respondent Harmony Paper Box Corporation, hereinafter referred to as “Harmony”, engaged in a similar business as that of Arlington. After considerable negotiations the parties entered into a stockholders’ agreement, dated January 1, 1956, the substance of which, provided for the consolidation of both corporations, whereby petitioner would have a one-third interest in Harmony and the individual respondents a one-third interest in Arlington. The machinery and equipment of both corporations would be merged and the surplus machinery sold; the addresses of the corporations would be that of Harmony. It further provided who were to be the officers and directors of the corporations, for the filing of the resolutions with the banks and for the issuance of new stock to the parties. In addition, this agreement provided for the preparation of employment contracts to be executed simultaneously. The employment contracts as executed, in addition to other terms, provided for the payment of $100 per week for five years to the petitioner and individual respondents, and that any disputes arising under the employment contracts or performance were to be submitted to an arbitrator by application to the court. With the exception of the issuance of the stock and despite various difficulties and differences of opinion as to the agreements, the parties apparently carried out the terms of the stockholders’ agreement until July 3, 1957, when the respondent corporations ceased paying the petitioner his salary. As a result petitioner applied to *341 this court for the appointment of an arbitrator and respondents moved to dismiss the petition on the ground that there was no arbitrable issue. Petitioner’s application was granted and respondents’ motion to dismiss was denied by order of Mr. Justice Coke, dated September 24,1957. Pursuant to the terms of the order, all claims, demands and disputes between the parties arising in connection with the employment contracts were to be passed upon by the arbitrator appointed by the court.
At the hearing the respondents raised the same objection raised before the court on their application to dismiss the petition for the appointment of an arbitrator, contending that there was no issue to arbitrate since the stockholders’ agreement relating to the consolidation and merger of the interests of the respective parties and the corporations had not been consummated; and that since the employment contracts, the subject matter of the arbitration, were predicated upon the stockholders’ agreement, they could not be enforced until a complete fulfilment of that agreement; and that the employment contracts were an integral part of the stockholders’ agreement. After a two-day hearing in which 264 pages of testimony were taken, the arbitrator filed his report overruling the respondents’ contention holding that it was without merit and that their argument ‘ ‘ is inconsistent with the fact that all the parties in recognition of, and in reliance upon, the execution of said Stockholders’ Agreement proceeded to enact and carry out the provisions of said Agreement. For more than a year and one-half since the date of the agreement they have operated the new business, paid salaries to all of the parties, including the Petitioner, and, in fact, gave full effect to the agreement. The record contains many other facts which establish the good faith and performance of the parties in reliance upon their agreement. I ascribe as my reason for overruling the Respondents’ points the elementary equity principles, which hold in substance that ‘ equity deems that to have been done which ought to have been done ’ and the * equity will treat the subject matter, as to collateral consequences and incidents, in the same manner as if the final acts contemplated by the parties had been executed exactly as they ought to have been.’ ” In addition, the arbitrator further found that the petitioner substantially performed and complied with the terms and conditions of the employment contracts and “ that he is entitled to receive and recover for the duration of said agreements the compensation to be paid to him as therein provided for and agreed upon by the parties thereto”; and that “the corporate respondents have wrongfully repudiated and breached the aforesaid employ *342 ment contracts and have wrongfully refused to pay the petitioner the weekly salary as provided in said agreements.” The arbitrator then awarded to the petitioner the sum of $2,800 at the rate of $100 per week, with interest for the period from July 4, 1957 to January 16, 1958, the compensation as provided for in the agreements.
The general argument raised by the respondents that no arbitrable issue was presented has been disposed of by the order of Mr. Justice Cone, dated September 24, 1957, denying the respondents’ application to dismiss the petition as well as by the determination of the arbitrator. In any event, it is the general rule that an award in the absence of fraud, corruption or other misconduct is final and conclusive and a court may not disturb it for error of fact or laiv. (Matter of Dembitzer [Gutchen], 3 A D 2d 211; Matter of Weiner Co. [Freund Co.], 2 A D 2d 341; Matter of Pine St. Realty Co. v. Coutroulos, 233 App. Div. 404.) The respondents having failed to submit or establish fraud, corruption or misconduct upon the part of the arbitrator, the overruling of the respondents’ contention and the sustaining of petitioner’s contention that the respondents breached the employment contracts must be affirmed.
The only issue, therefore, is whether the award is such as to fall within the provisions of subdivision 4 of section 1462 of the Civil Practice Act, permitting the vacating of an award where the arbitrator so imperfectly executed his powers that a mutual, final and definite award upon the subject matter submitted was not made. The determination of the arbitrator specifically states that the petitioner is entitled to receive and recover for the duration of said agreements the compensation to be paid to him. However, the award as granted to the petitioner covers only the period from July 4, 1957 to January 16, 1958, but fails to include the period from January 16, 1958 to December 31, 1960.
It is well established that a discharged employee is entitled prima facie to recover for the entire unexpired portion of his employment agreement without waiting for the term to end and that the law imposes on the defendant the duty of coming forward with proof for the purpose of mitigating and establishing lesser damages. (Hollwedel v. Duffy-Mott Co., 263 N. Y. 95; Crabtree v. Elizabeth Arden Sales Corp., 105 N. Y. S. 2d 40, affd. 279 App. Div. 992, affd. 305 N. Y. 48; Reiss v. Arabian Amer. Oil Co., 107 N. Y. S. 2d 907; Preager v. Unity Shoemakers Corp., 257 App. Div. 632.) An award must be certain and should be so expressed that the matters in dispute have been finally and conclusively settled. (Hiscock v. Harris, 74 *343 N. Y. 108.) Here, there was no evident miscalculation of figures by the arbitrator under section 1462-a of the Civil Practice Act, but rather a failure to fix a final and definite award upon the subject matter as required by subdivision 4 of section 1462 of the Civil Practice Act.
In calculating the award the arbitrator carried forward the $100 weekly sum from the date of the discharge up until the week of the award and went no further. In so doing the arbitrator failed to proceed in accordance with the court’s direction and the authorities hereinabove cited, and left the award incomplete, so that a final and definite award in relation to the issues has not been made.
Accordingly, petitioner’s motion is granted to the extent of vacating the award with respect to the fixation of damages and the matter is remitted to the same arbitrator in order that the award be made more definite and certain as heretofore indicated (see Civ. Prac. Act, § 1462; Matter of Murray Oil Prods. Co. v. Eagle Paint & Varnish Works, 243 App. Div. 548).
Settle order on notice.