demand, and not for the courts to attempt to correct any palpably bad one." (*Carroad* v. *Regensburg*, 17 A D 2d 734.) Order reversed, on the law and the facts, with $10 costs, with leave to respondent to serve an amended demand, if so advised. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ MARY CORCORAN, Appellant, v. JOSEPH T. O'BRIEN, Respondent. MARY CORCORAN, Appellant, v. KAYE'S AUTO EXCHANGE, INC., Respondent.— Appeals dismissed as academic, without costs (See *Corcoran* v. *O'Brien*, 21 A D 2d 838). No opinion. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ MARY CORCORAN, Respondent, v. JOSEPH T. O'BRIEN, Appellant. MARY CORCORAN, Respondent, v. KAYE'S AUTO EXCHANGE, INC., Appellant.— These cases were submitted to the jury on the issue of fraudulent misrepresentation. No exception was taken by the defendants to the charge. The plaintiff purchased for $695 an automobile which she testified was represented by the defendant O'Brien, an employee of the defendant Kaye's Auto Exchange, Inc., to be in "good condition". Damages for fraud are computed pursuant to the out-of-pocket rule (*Sager* v. *Friedman*, 270 N. Y. 472; *Reno* v. *Bull*, 226 N. Y. 546) and the plaintiff's damages were the difference between $695 and the value of the automobile at the time of purchase. The plaintiff was the only witness on her own behalf and, not being qualified, offered no testimony as to value. She testified as to the difficulties encountered in operating the automobile which included among other things a frayed fan belt, a dead battery, overheating and loss of water and oil but consisted principally of inability to start the car on frequent occasions. The court did not charge the jury as to the legal measure of damages but, apparently being of the opinion that the plaintiff's testimony established conclusively that the vehicle had no monetary worth, stated: "If you find that the plaintiff has sustained her burden of proof, your verdict will be in her favor in the sum of $695." However, no exception was taken to the court's instruction on the subject of damages or, as previously mentioned, to any portion of the charge. Moreover the defendants made no requests to charge (cf. *Leone* v. *Rose*, 10 A D 2d 412). The charge, even though complained of as an erroneous statement of the law, was binding upon the parties (*Brown* v. *Du Frey*, 1 N Y 2d 190, 195–196; *Smith* v. *City of Schenectady*, 20 A D 2d 932). However, we may take cognizance of the error prejudicial to the appellants presented by the amount of the verdict (*Kahn* v. *Antevil*, 248 App. Div. 889; CPLR 5501, subd. [c]) and we find the error so fundamental as to lead us to disregard in this case the usual requirement that an exception be taken to an erroneous charge. Judgment reversed, on the law and the facts and in the interests of justice, and new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

## (June 4, 1964)

■ In the Matter of the Estate of GRACE P. LYNDE, Deceased. FIRST NATIONAL BANK OF CANTON, as Executor of GRACE P. LYNDE, Deceased, Appellant.— Appeal by the executor from a decree of judicial settlement entered in the Surrogate's Court of St. Lawrence County, in part upon the Surrogate's own motion. All parties having consented to the relief sought in the petition or having failed to appear, there is no respondent upon the appeal. The appellant executor contracted to sell decedent's residential real property for $15,000, a sum greatly in excess of the amount of its value as fixed in estate tax proceedings and in excess of its actual value as otherwise shown. It was subsequently discovered that a small landlocked parcel was subject to an option, conferred in 1900, providing that St. Lawrence Alumnae Association of Kappa Kappa Gamma should have "the opportunity to purchase the same at the best *bona fide*