We conclude, therefore, that the judgment of conviction herein must be reversed and a new trial ordered.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

GRAY, J. I dissent. The evidence, it is conceded, fully justified the verdict of the jurors and no error was committed so serious to the defendant as to justify us in reversing the judgment of conviction. I do not think that it was erroneous to allow the People to show, by evidence of the defendant's reputation in the community where he had resided, that his conduct, since his previous conviction for a criminal offense, had not been good, as he had testified when offered as a witness in his own behalf. The door had been, thus, opened for the admission of evidence as to his reputation. It was the right, if not the duty, of the prosecution to rebut the defendant's testimony and the most effective way to do so was to adduce the testimony of those who knew in what repute he was held.

Judgment reversed, etc.

---

WARE BROTHERS COMPANY, Appellant, *v.* CORTLAND CART AND CARRIAGE COMPANY, Respondent.

1. CONTRACTS — ACTION UPON CONTRACT TO PUBLISH ADVERTISEMENT FOR SPECIFIED TIME, ATTEMPTED TO BE CANCELED BY PARTY ORDERING ADVERTISEMENT — NATURE OF CONTRACT. A written contract, whereby the publishers of a trade journal agreed to publish an advertisement of a manufacturing company, once a month for twelve months, for a certain sum, no part of which was to be paid until the contract had been fully performed, does not differ in character from a contract for services to be rendered; and where the manufacturing company, after the advertisement was prepared for printing, directed the publishers to cancel the contract, which they refused to do and published the advertisement for the period designated in the contract, and then, upon the refusal of the manufacturing company to pay therefor, brought an action to recover the amount of the contract price, the rule pertaining to actions upon contracts for the employment of servants for a specified time applies thereto, and the contract price is *prima facie* the measure of damages, unless the defendant should show the amount that should be deducted therefrom by reason of its revocation of the contract.

2. SAME — MEASURE OF DAMAGES — ERRONEOUS DISMISSAL OF COM-
PLAINT. Where, therefore, upon the trial of such action, the plaintiffs
proved the contract and full performance thereunder and rested, upon
which the defendant produced evidence to the effect that it had directed
the contract to be canceled and then rested, it was reversible error for the
trial court to dismiss the complaint upon the ground that the contract
price was not the measure of damages which the plaintiff was entitled
to recover; and that, inasmuch as there was no evidence showing the
amount of damages that had been sustained by the plaintiff by the
revocation of the contract by the defendant, there could be no recovery.

*Ware Bros. Co.* v. *Cortland Cart & Carriage Co.*, 119 App. Div. 928,
reversed.

(Submitted June 9, 1908; decided September 29, 1908.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
July 15, 1907, affirming a judgment in favor of defendant
entered upon a dismissal of the complaint by the court at a
Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*T. B. Merchant* and *L. M. Merchant* for appellant. The
court, having found an unauthorized breach of an express
contract, should have awarded plaintiff at least nominal dam-
ages instead of dismissing the complaint, and this error,
affecting as it does a substantial right, calls for a reversal.
(*Billings* v. *Vanderbeck*, 23 Barb. 546; *Douglass* v. *Hobe*, 36
App. Div. 638; *Pryor* v. *Foster*, 130 N. Y. 171; *Coppola*
v. *Kraushaar*, 102 App. Div. 306.)

*Harvey D. Hinman,* *Archibald Howard* and *Thomas B.
Kattell* for respondent. After the rescission of the contract
by the defendant neither the plaintiff nor its assignors had
the right to insist upon specifically performing the contract.
It was their duty to make the damages as light as possible.
(*R. A. Co.* v. *S. R. C. Co.*, 83 App. Div. 191; 178 N. Y. 570;
*Clark* v. *Marsiglia*, 1 Den. 317; *Lord* v. *Thomas*, 64 N. Y.
107; *People* v. *Stephens*, 71 N. Y. 527; *Dunham* v. *H. P.*

*Co.,* 95 App. Div. 360; *Goodwin* v. *Kirker,* 2 Hilt. 401; *Herman* v. *Pierce Co.,* 105 App. Div. 16; *Mendell* v. *Will-young,* 42 Misc. Rep. 210; *Hamilton* v. *McPherson,* 28 N. Y. 72; *Dillon* v. *Anderson,* 43 N. Y. 231.) The omission to allow the plaintiff nominal damages affected no substantial right and does not constitute a ground for reversal of the judgment. (*Funk* v. *E. P. P. Co.,* 76 Hun, 497; 152 N. Y. 619; *McConihe* v. *N. Y. & E. R. R. Co.,* 20 N. Y. 495; *Stephens* v. *Wider,* 32 N. Y. 351; *Ellsler* v. *Brooks,* 22 J. &. S. 73; *Rightmire* v. *Shepard,* 36 N. Y. S. R. 768; *Wakeman* v. *W. & W. Mfg. Co.,* 101 N. Y. 205; *Dunham* v. *H. P. Co.,* 95 App. Div. 360.)

HAIGHT, J.    On the 14th day of March, 1903, the defendant, Cortland Cart & Carriage Company, entered into a written contract with the plaintiff, Ware Brothers Company, by which the defendant agreed to pay the plaintiff the sum of $350 for publishing its advertisement once a month for twelve months in a monthly publication, issued by the plaintiff, known as " The Vehicle Dealer." Thereafter and on the 2d day of April, 1903, and after it is claimed the plaintiff had prepared the defendant's advertisement for printing in its " Vehicle Dealer," the defendant wrote the plaintiff asking it to cancel the contract. This the plaintiff refused to do, and thereupon it published the advertisement for the period designated in the contract, and then upon the refusal of the defendant to pay therefor brought this action to recover the amount of the contract price.

Upon the trial the plaintiff proved the contract and its performance thereunder, and rested. Then the defendant produced evidence, to the effect that it had directed the contract to be canceled and not performed by the plaintiff, and then rested. The court dismissed the plaintiff's complaint upon the ground that the contract price was not the measure of damages which the plaintiff was entitled to recover; and inasmuch as there was no evidence showing the amount of damages that had been sustained by the plaintiff by reason of

the revocation of the contract by the defendant, there could be no recovery.

It will be observed that the contract ran for one year, and that no payment was due until the contract had been fully performed by the plaintiff. It required the printing of the defendant's advertisement in the plaintiff's publication monthly for that period of time, and its circulation among the subscribers for the plaintiff's " Vehicle Dealer." The contract in some respects differs from that of the ordinary employment of servants for specified terms, but we see no reason why the rule pertaining to such contracts should not apply and control in the disposition of this contract. (*Clark* v. *Marsiglia*, 1 Denio, 317; *Lord* v. *Thomas*, 64 N. Y. 107–109; *Railway Advertising Co.* v. *Standard R. C. Co.*, 83 App. Div. 191; affirmed, 178 N. Y. 570.)

In the case of *Howard* v. *Daly* (61 N. Y. 362) it was held that where a contract for future employment had been entered into, and afterwards revoked by the employer, the remedy of the employee is an action to recover damages as for a breach of the contract. In such an action the damages are *prima facie* the amount of the wages for the full term, and the burden of proof is upon the defendant to show the mitigation in damages. While this rule may have received some criticism in other jurisdictions, it has steadily been adhered to in the Supreme Court, and has recently been re-asserted in this court in the case of *Milage* v. *Woodward* (186 N. Y. 252–257). (See also *Allen* v. *Glen Creamery Co.*, 101 App. Div. 306, and authorities cited.)

Applying this rule to the case under consideration, it is apparent that the court erred in its conclusion of law, to the effect that there was no evidence showing that there were damages occasioned by the revocation of the contract by the defendant; for the contract price would *prima facie* be the measure of damages, unless the defendant should show the amount that should be .deducted therefrom by reason of its revocation of the contract.

In reaching the result above indicated, we wish it under-

stood that it is not our purpose to extend the rule beyond the
facts found in this case. Nor is it our purpose to limit or
impair the rule that, in a breach of an ordinary contract for
the manufacture of an article or the supplying of goods or
merchandise, including that which is known as ordinary job
printing, the damage is the difference between the contract
price and the cost of the goods, merchandise or manufactured
article, in which the burden of showing the damages rests on
the plaintiff. The distinguishing feature in this case, as we
regard it, is that the publishing of an advertisement in a peri-
odical is the same as the publishing in a daily or weekly news-
paper which involves the investment of no additional capital
or the use of any material other than the ink used and the
paper upon which it is printed, and these articles are of such
trivial value as not in our judgment to change the character
of the contract from one for services to be rendered.

The judgment should, therefore, be reversed and a new trial
ordered, with costs to abide the event.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT,
HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.