### RICHMOND CEDAR WORKS v. BUCKNER et al.

(Circuit Court, S. D. New York. September 2, 1910.)

1. COURTS (§ 270*)—FEDERAL COURTS—JURISDICTION.

In a suit in a federal court against numerous defendants on a contract binding them jointly and severally, the jurisdiction of the court is not defeated because some of the defendants are not inhabitants of nor served within the district, but the case may proceed against those who have been served.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. § 270.*]

2. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—RIGHT TO SUE IN FEDERAL COURT—NONPAYMENT OF STATE TAX.

Tax Law N. Y. (Laws 1909, c. 62 [Consol. Laws, c. 60]) § 181, requiring foreign corporations doing business in the state to pay a license tax, and providing that in default thereof "no action shall be maintained or recovery had in any of the courts of this state by such foreign corpora-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion," does not affect the right of such a corporation to maintain an action in a federal court in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539–2567; Dec. Dig. § 661.*

Jurisdiction as affected by state laws, see note to Barling v. Bank of British North America, 1 C. C. A. 513.]

3. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—RIGHT TO SUE IN FEDERAL COURT—NONCOMPLIANCE WITH STATE LAWS.

The provision of General Corporation Law N. Y. (Laws 1909, c. 28 [Consol. Laws, c. 23]) § 15, that "no foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless, prior to the making of such contract, it shall have procured" the certificate required by the act from the Secretary of State, applies only to actions in the courts of the state, and does not render void a contract made by a corporation which has not obtained such certificate, nor affect the right to maintain an action thereon in a federal court.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539–2567; Dec. Dig. § 661.*]

4. INSURANCE (§ 635*)—ACTION ON MARINE POLICY—PLEADING—ALLEGATION OF LOSS.

In an action on a policy of insurance on a cargo of lumber, an allegation in the complaint that the lumber was shipped on a certain vessel. that on the voyage such vessel "was by the perils of the sea wrecked and totally lost," and that until said loss plaintiff was the owner of the insured property, is a sufficient allegation that the lumber was lost.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1599–1602; Dec. Dig. § 635.*]

At Law. Action by the Richmond Cedar Works against William P. Buckner and others. On demurrer to complaint. Demurrer overruled.

King & Booth, for plaintiff.
Hunt, Hill & Betts, for defendants.

LACOMBE, Circuit Judge. This is an action brought by the Richmond Cedar Works, a corporation of the state of Virginia, against the members of a Lloyd's insurance association, composed of individuals residing for the most part in Canada and known as the "New York Commercial Underwriters." Nine out of the 31 defendants are citizens of New York, resident in the Southern district thereof. They have appeared and demurred to the complaint.

The grounds of demurrer are: (1) That this court has no jurisdiction of the controversy, because most of the defendants are aliens and nonresidents, and two of them are residents, respectively, of Pennsylvania and Maryland. (2) That the plaintiff has not legal capacity to sue, because it has not taken out a certificate to do business in New York, nor paid the license tax. (3) On the ground that the complaint does not state facts sufficient to constitute a cause of action.

1. The action is brought upon a policy of insurance executed by individual underwriters, who agreed "jointly and severally" to insure a cargo of lumber belonging to the plaintiff against the perils of the sea. The nonresident defendants are not indispensable parties, the action has been brought against the nine residents only, and it

will not fail because the others are named as defendants, but not served. Section 456 of the New York Code of Civil Procedure provides that:

"Where a summons issued against two or more defendants alleged to be severally liable is served upon some but not upon all of them, the plaintiff may proceed against those upon whom it is served as if they were the only defendants named therein," etc.

In Hagan v. Walker, 14 How. 29, 14 L. Ed. 312, the United States Supreme Court held:

"It does not defeat the jurisdiction of the court that a person named as defendant is not an inhabitant of or found within the district where the suit is brought. The court may still adjudicate between the parties who are properly before it, and the absent parties are not to be concluded or affected by the decree."

Upon the record as it stands this court has jurisdiction to hear and determine the controversy between the plaintiff and the nine resident defendants who have appeared.

2. Defendants rely upon two statutes. The first is section 181, of the New York tax law (chapter 62 of the Laws of 1909), which provides that every foreign corporation doing business in this state, with certain exceptions, shall pay a license tax and obtain a receipt therefor, and in default thereof "no action shall be maintained or recovery had in any of the courts of this state by such foreign corporation." Manifestly this prohibition refers only to actions brought in the state courts.

The other statute relied upon is section 15 of the general corporation law of the state of New York, being chapter 28 of the Laws of 1909, which provides that no foreign corporation other than a moneyed corporation shall do business in this state without having first procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that no such corporation shall maintain any action in this state upon any contract made by it in this state unless prior to the making thereof it shall have procured such certificate. This objection is disposed of by the decision of the United States Circuit Court of Appeals, Second Circuit, in Johnson v. New York Breweries (April, 1910) 178 Fed. 513, holding that:

"Until the state Legislature enacts a law declaring such contracts void, or the highest court of the state construes the present law as so declaring, we think the federal courts should not close their doors to actions arising under such contracts."

Moreover, in the absence of binding authority to the contrary, this court is not inclined to hold that the effecting of insurance here upon a single item of its property is the "doing business" within the state which the statute undertakes to regulate.

3. The only other objection is that the complaint does not sufficiently charge that the cargo of lumber which defendants insured was lost. It avers that it was laden on the schooner Jennie N. Huddell, to be carried from Norfolk to New York, and that thereafter said vessel sailed from Norfolk on the voyage described, and while proceeding therein was by the perils of the sea wrecked and totally

lost. It also alleges that until the said loss plaintiff was the owner of said insured property. The complaint is, in this respect, somewhat inartificially drawn, but it seems sufficient to warrant proof upon the trial that the lumber was lost.

The demurrer is overruled, with leave to answer within 20 days.