## WARE BROS. CO. v. CORTLAND CART & CARRIAGE CO.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

1. MASTER AND SERVANT (§ 42*)—DISCHARGE—DAMAGES.

In order to recover full wages where the employer has breached his contract, the employé is bound to use reasonable diligence to procure other employment of the same kind in order to relieve the employer as much as possible from loss consequent upon the breach, but he is not bound to look for or accept occupation of another kind.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 54–56; Dec. Dig. § 42.*]

2. DAMAGES (§ 62*)—BURDEN OF PROOF.

Where a contract called for the publication of defendant's advertisement in plaintiff's magazine, and before publication defendant revoked the contract, but plaintiff continued publication, plaintiff was not entitled to recover the contract price, in the absence of a showing that it had made some reasonable effort to fill the space otherwise.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 119–131; Dec. Dig. § 62.*]

Houghton and Sewell, JJ., dissenting.

Appeal from Trial Term, Broome County.

Action by the Ware Brothers Company against the Cortland Cart & Carriage Company. Appeal by defendant from a judgment for plaintiff and from an order denying a new trial. Reversed.

See, also, 119 App. Div. 929, 105 N. Y. Supp. 1148.

The recovery was for the contract price, $350, and interest, for publishing in the plaintiff's monthly magazine, "The Vehicle Dealer," the defendant's advertisement for 12 issues. The advertisement was to occupy the last half page on the inside back cover, a preferred location. After the contract, but before the publication began, the defendant directed the plaintiff not to publish the advertisement, and repudiated the contract upon its part. This contract was before the Court of Appeals in 192 N. Y. 439, 85 N. E. 666, 22 L. R. A. (N. S.) 272, 127 Am. St. Rep. 914.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Hinman, Howard & Kattell (Archibald Howard, of counsel), for appellant.

T. B. & L. M. Merchant, for respondent.

JOHN M. KELLOGG, J. [1] In order to recover full wages where the employer has breached his contract, the employé is bound to use reasonable diligence to procure other employment of the same kind in order to relieve the employer as much as possible from loss consequent upon the breach; but he is not bound to look for or accept occupation of another kind. Fuchs v. Koerner, 107 N. Y. 529, 14 N. E. 445; Milage v. Woodward, 186 N. Y. 252, 78 N. E. 873. In the Milage Case the court said: ·

"The fact that the boat was moored at a public place in the city of Rochester, where it would be natural for any one to go who desired to secure transportation of goods on the canal, is sufficient. It certainly cannot

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be successfully asserted that the plaintiff, in view of these facts, admitted that he made no effort to secure employment."

There the plaintiff and the boat were apparently in the market for employment. An examination of the cases will show, I think, that a plaintiff must either show an effort to obtain work, or must show facts and circumstances which indicate that he put himself in such a position with reference to the market for labor that those desiring services of the kind he had to sell would naturally seek him.

[2] The Court of Appeals treats this contract as one of employment. It is conceded that the advertisement was to be published in a particular place in the plaintiff's magazine, probably the most desirable place. After the defendant had repudiated the contract, the plaintiff continued the publication, and the space was fully occupied. It was thereby apparently withdrawn from the market, and it was unreasonable to expect that others would apply for it. The plaintiff was therefore called upon to show that it had made some reasonable effort to fill that space, or in some way had indicated to the trade that a customer was desired for it. I therefore favor a reversal of the judgment.

Judgment and orders reversed, and new trial granted, with costs to appellant to abide event. All concur, except HOUGHTON, J., dissenting in opinion in which SEWELL, J., concurs.

HOUGHTON, J. (dissenting). At the close of the evidence the defendant made a motion for a nonsuit, and the plaintiff made a motion for a direction of verdict. The plaintiff's motion was granted, and the defendant excepted thereto, but did not ask to go to the jury upon any question or as to the amount of damages suffered by the plaintiff. It therefore became a question of law as to what damages, if any, the plaintiff was entitled to recover. Winchell v. Hicks, 18 N. Y. 558; Trimble v. N. Y. C. & H. R. R. R. Co., 162 N. Y. 84, 56 N. E. 532, 48 L. R. A. 115.

I think the learned trial court properly directed verdict for the plaintiff for the full amount of the contract price which the defendant agreed to pay for its advertising space.

On an appeal to the Court of Appeals from a former judgment in favor of defendant (192 N. Y. 439, 85 N. E. 666, 22 L. R. A. [N. S.] 272, 127 Am. St. Rep. 914), that court held that prima facie the measure of damages was the contract price which the defendant agreed to pay for the advertising space, subject, however, to be reduced by the defendant as though the contract for the advertising was one for services. By that decision the burden was expressly laid upon the defendant to prove that by its revocation of the contract the plaintiff had not suffered damages to the extent of the contract price agreed to be paid for the advertising space. All that the defendant did prove was that the plaintiff assumed the space belonged to the defendant and did not try to get any one to take the same space after the attempted cancellation of the contract. The defendant did not show that any offer to fill the advertising space had been declined by the plaintiff, or that there was any advertiser who would have taken it.

Under the circumstances, I think it was incumbent upon the defendant to show that there was an advertiser ready and willing to take the space in the plaintiff's periodical for the balance of the term agreed upon. The periodical published by the plaintiff was a trade journal, necessarily having a circulation limited to a certain class of subscribers. The advertising related to special subjects, and to obtain any advertisers at all it was necessary to canvass for them. The plaintiff held a valid contract for a certain space at an agreed price, which it set apart and kept for the defendant's advertisement. If the defendant chose to repudiate its contract, as it did, in order to relieve itself from damages, it should have proved that there were other advertisers ready to take the space at the same price. Mere proof of the fact that the plaintiff refused to recognize the attempted cancellation by defendant of its contract, and assumed that the space belonged to the defendant, and made no effort to fill it with other advertisements, I do not think prevented the plaintiff from recovering. There being no proof that the damages were less than the contract price, the court properly directed a verdict for the plaintiff for the full amount, and the judgment should be affirmed.