WARE BROTHERS COMPANY, Appellant, *v.* CORTLAND CART AND CARRIAGE COMPANY, Respondent.

Contract — ineffective attempt to cancel contract for publication of advertisement — measure of damages in action for contract price of advertisement.

Defendant contracted with plaintiff, who conducted a trade journal, for the insertion of an advertisement of its business, which contract defendant attempted to cancel but failed to obtain plaintiff's consent to do so. Plaintiff published the advertisement according to the terms of the contract and on the trial obtained judgment for the contract price. *Held*, that if a person could have been found by reasonable diligence who desired to contract for an advertisement covering the particular place in the defendant's journal occupied by the plaintiff's advertisement, it was undoubtedly the duty of the plaintiff to accept the same. In the absence of testimony to that effect, the defendant not having asked to go to the jury on the question of damages, the trial court properly directed a verdict for the contract price.

*Ware Brothers Co.* v. *Cortland Cart & Carriage Co.*, 148 App. Div. 546, reversed.

(Argued December 9, 1913; decided December 30, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 9, 1912, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*T. B. Merchant* for appellant. The contract differs from that of the ordinary employment of servants, as this court has heretofore announced. It was not necessary for plaintiff to show affirmatively that it made any effort to secure another advertiser, and defendant failed to prove facts which mitigate the damages. (*Ry. A. Co.* v. *S. R. C. Co.*, 83 App. Div. 191; 178 N. Y. 570; *Graves*

v. *Hunt,* 8 N. Y. S. R. 308; *Sullivan* v. *McMillan,* 37 Fla. 134; *Watson* v. *G. H. B. Co.,* 3 Wash. 283.) Defendant did not sustain the burden of showing that a new advertiser could have been obtained in its place. (*Ry. A. Co.* v. *S. R. C. Co.,* 178 N. Y. 570; *Merrill* v. *Blanchard,* 7 App. Div. 167; 158 N. Y. 682; *Howard* v. *Daly,* 61 N. Y. 362; *Griffin* v. *Brooklyn Ball Club,* 68 App. Div. 566; 174 N. Y. 535; *Milage* v. *Woodward,* 186 N. Y. 252.)

*Archibald Howard* for respondent. The evidence shows that neither the Ware Brothers nor the plaintiff made any effort to procure another advertiser to pay for the insertion of an advertisement in the space in which the defendant's advertisement was to be printed, and the only legitimate inference from the evidence is that such a contract could have been obtained had it been sought. (*Howard* v. *Daly,* 61 N. Y. 362; *Milage* v. *Woodward,* 186 N. Y. 252.)

CHASE, J. The plaintiff is the publisher of a monthly trade journal known as "The Vehicle Dealer." The defendant is a manufacturer of vehicles and had an advertisement in said journal covering the page facing the back cover for the year ending with the issue of March 15, 1903, for which it paid six hundred dollars. About March 14, 1903, a representative of the plaintiff called upon the defendant and solicited a renewal of the contract for such advertisement. It resulted in an order and contract in writing as follows:

"Messrs. WARE BROS., Publishers,                    $350.00
         "Fahnestock Building, Cherry street Below Broad,
              Philadelphia
                              "SIDNEY, *March* 14, 1903.

"GENTLEMEN.— Please insert our advertisement in The Vehicle Dealer to occupy one-half page 12 months commencing with the April number, and to continue there-

after until otherwise instructed, for which we agree to pay your net advertised rate as indicated above.

"Remarks: Omit, July, August and September.

"NOTE: Alterations in advertisements must be received two weeks prior to date of issue. If copy for advertisement is not received in time you are authorized to prepare same for us.

"CORTLAND CART AND CARRIAGE CO.
"L. I. HATFIELD, *Pres.*"

The order was forwarded to the home office of the plaintiff in Philadelphia, where the advertisement, including a cut of a vehicle, was prepared ready for printing. On April 2 the defendant wrote the plaintiff a letter, the material part of which is as follows:

"We have been very seriously considering the matter of our contract placed with your Mr. Ware a short time since, for a half-page ad in the DEALER beginning with the April number and as a result of such consideration, we have fully decided that we are going to ask you to cancel contract. * * * These facts, together with other reasons have led us to the conclusion arrived at as above, so please consider the contract cancelled and greatly oblige."

The letter was subsequently received in Philadelphia and forwarded by the plaintiff to its representative who took the order, and who was then in a western state. Further correspondence was had by the parties but it did not result in a mutual cancellation of the contract. The advertisement was published in accordance with the order upon one-half of the page that had theretofore contained the full page advertisement of the defendant.

At the end of the term for which the contract was made and after full completion thereof by the plaintiff this action was brought. It has been twice tried. Upon the first trial the plaintiff proved the contract and its performance, and rested. The defendant introduced in evi-

dence the letter directing that the contract be canceled, and rested. The court dismissed the complaint upon the ground that the contract price was not the measure of damages which the plaintiff was entitled to recover; and inasmuch as there was no evidence showing the amount of damages that had been sustained by the plaintiff by reason of the revocation of the contract by the defendant there could be no recovery.

The judgment dismissing the complaint was affirmed by the Appellate Division (*Ware Brothers Company* v. *Cortland C. & C. Co.*, 119 App. Div. 928), but on an appeal to this court from such judgment of affirmance a new trial was ordered (*Ware Brothers Co.* v. *Cortland C. & C. Co.*, 192 N. Y. 439, 442, 443). In the opinion this court say that "the contract price would *prima facie* be the measure of damages, unless the defendant should show the amount that should be deducted therefrom by reason of its revocation of the contract."

In said opinion referring to the rule that "In a breach of an ordinary contract for the manufacture of an article or the supplying of goods or merchandise, including that which is known as ordinary job printing, the damage is the difference between the contract price and the cost of the goods, merchandise or manufactured article, in which the burden of showing the damages rests on the plaintiff," the court further say: "The distinguishing feature in this case, as we regard it, is that the publishing of an advertisement in a periodical is the same as the publishing in a daily or weekly newspaper which involves the investment of no additional capital or the use of any material other than the ink used and the paper upon which it is printed, and these articles are of such trivial value as not in our judgment to change the character of the contract from one for services to be rendered."

Upon the new trial a verdict was rendered for the plaintiff by direction of the court. The plaintiff asked for a

direction of a verdict and the defendant for a dismissal of the complaint. The defendant did not ask to go to the jury upon any question or as to the amount of damages suffered by the plaintiff. On appeal to the Appellate Division from the judgment entered upon the verdict it was reversed and a new trial was granted by a divided court. (*Ware Brothers Co.* v. *Cortland Cart & Carriage Co.*, 148 App. Div. 546.)

We think that the judgment should have been affirmed. There is nothing in the record to show that the plaintiff ever had an opportunity to obtain a contract for an advertisement to fill the particular place in its journal assigned to the defendant. It employed men to solicit advertisements for its journal and after the plaintiff declined to make a contract for a full page advertisement they were notified by telegraph that one-half of the page facing the back cover was open to contract and no offer to take such space was obtained during the time mentioned in the contract with the defendant. That page was not withdrawn from the market, at least one-half of it was not so withdrawn. It appears that for the months of July, August and September which were not included in the defendant's contract the defendant's advertisement was continued without charge because of their inability to get another advertisement to take its place and it was more economical to continue the defendant's advertisement than to remove it during said months. It also appears that advertisements were obtained for several pages of the journal other than the page specifically mentioned. The price at which the contract was made with the defendant was the lowest price for advertisements taken by the plaintiff. The price was uniform for the inside pages although the page facing the back cover of the journal was known as a preferred location. No advertisement to take the place of the defendant's advertisement was ever refused neither does it appear that an offer to take that particular page was ever obtained from any advertiser.

The plaintiff was not under any obligation to insist that advertisers should take a particular location in its journal. If a person could have been found by reasonable diligence who desired to contract for an advertisement covering the particular place in the defendant's journal occupied by the plaintiff's advertisement, it was undoubtedly the duty of the plaintiff to accept the same. In the absence of such testimony the trial court did not commit an error when it decided the question before it and directed a judgment for the plaintiff.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

Cullen, Ch. J., Werner, Hiscock, Collin, Cuddeback and Hogan, JJ., concur.

Ordered accordingly.