## BRUMBAUGH SYSTEM, INC. *vs.* PROVIDENCE LIVE POULTRY Co.

### JUNE 29, 1925.

PRESENT:  Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ

*(1)  Depositions.  Objection to Evidence.*

When testimony is taken by deposition, objection to evidence must be made at the time of the taking of the deposition, and cannot be made at the trial.

*(2)  Contracts.  Agency.  Ratification.*

The mere fact that a contract is offered bearing the name of defendant signed by an agent, is not sufficient to establish his liability without other evidence of agency or ratification.

*(3)  Contracts.  Ratification.*

Evidence considered and held sufficient to establish ratification of contract executed on behalf of defendant by agent.

*(4)  Contracts.  Damages.*

Plaintiff agreed to erect signs on highways on which were to appear advertisements of defendant's business.  Plaintiff was to inspect signs at stated periods and keep them in repair.  The contract was to run twenty-four months with provision that defendant should pay a stated monthly installment and that on default of payment of any of installments the total amount remaining unpaid could be declared due by plaintiff.  Defendant repudiated contract.  Plaintiff sues for total amount remaining unpaid.

*Held,* that as plaintiff had substantially performed and no new expense would be incurred by him except the incidental one of upkeep which would probably be negligible, without evidence that plaintiff did secure or reasonably ought to have secured other advertising for the unexpired portion of the term, defendant was liable for the full contract price.

ASSUMPSIT.  Heard on exceptions of defendant and overruled.

BARROWS, J.  In this case a jury in the Superior Court brought in a verdict for $185.70 in favor of plaintiff in an action of assumpsit.  Defendant, Abraham Awerman, doing business as the Providence Live Poultry Co., is before us on a bill of exceptions in which the errors alleged are (1) erroneous admission of evidence, (2) refusal to direct a verdict for defendant, (3) refusal to grant defendant's motion for a new trial based on the usual grounds.

The alleged contract was in writing, signed by agents of both parties and dated July 17, 1920.  By its terms plaintiff

agreed to erect five metal highway signs on the public highways leading into Newark, Ohio, on which were to appear advertisements of defendant's business. The copy for the advertising after the boards were erected was to be approved by defendant before being placed upon the boards. The plaintiff was to inspect the signs every ninety days and keep them in repair. The contract was to run twenty-four months from the time the signs were placed on the boards. The contract further provided that the defendant should pay $15 per month, commencing when the signs were completed, and that on default of payment of any of the installments the total amount of installments remaining unpaid could be declared due by the plaintiff. It was signed on behalf of the defendant by the words, "Providence Live Poultry Co. by G. E. Gutridge." The signs were completed and the copy placed thereon in December, 1920.

The evidence for plaintiff was presented by depositions taken in Illinois. No officer's return accompanied them and after some objection and a suggestion that the case might be continued to secure a proper return, counsel for defendant expressly waived the irregularity and allowed the depositions to be offered as if properly certified. To these depositions was attached as Exhibit A. the so-called contract. Counsel for defendant was not present at the taking of the depositions although the certificate shows due notice of such taking. At the time the deposition was read in court defendant objected to the introduction of the contract on the ground that it had not been proven that Gutridge had any authority to bind defendant. The court admitted the contract and this action furnishes defendant's first ground of exception. It will be observed from the above statement that the contract when offered at the time the depositions were taken was not objected to and this court has held that it is too late to make objections to the admission of evidence at the trial when none have been made at the time of the taking of the deposition. *Champlin* v. *Pawcatuck Valley St. Ry. Co.*, 33 R. I. 572, at 579. The

contract, therefore, as part of the depositions was properly in evidence.

The motions for direction of a verdict and for a new trial are based upon the weight of the evidence. Defendant urges that there was no evidence showing that he authorized the making of this contract. He is correct when he asserts that the mere fact that a contract was offered bearing his trade name, signed by an agent, is not sufficient to establish his liability without other evidence of agency or ratification. *Manning* v. *Carberry*, 172 Mass. 432. Defendant denied all knowledge of the acts of Gutridge and any authority to Gutridge to sign such a contract. The burden of proof rested upon the plaintiff to prove this authority and while the evidence of agency may be either direct or indirect, *Ward* v. *Trustees Methodist Episcopal Church*, 27 R. I. 262, at 265, the written contract alone was not sufficient evidence of authorization upon which to charge defendant. However, subsequent ratification of a contract may bind a principal as effectively as prior authorization. *Thurston, Gardner, & Co.* v. *James*, 6 R. I. 103.

The question of ratification here rests upon more evidence than that of authorization. Various acts of defendant were proven and furnished a sufficient ground upon which to submit to the jury the question of whether defendant had ratified the contract. The denial by defendant that he ever had any knowledge of the signing of a contract by Gutridge and his willingness to have it appear that the contract was made and the advertising done without his knowledge are not consistent with some of these acts. Gutridge ceased to be employed as manager of defendant's Newark branch on August 11, 1920. He had at that time worked for defendant from six to nine months and defendant himself was only occasionally at the Newark branch. Gutridge was succeeded at Newark by a manager named Brown, whose authority to write the letter of January 28, 1921, to plaintiff relating to the contract was questioned in defendant's brief. The record shows, however, that defendant himself testified

that he told Brown to find out about the contract and authorized him to write this letter. In it was an offer on receipt of a statement for the full amount to send a check therefor if a discount were allowed. In response to such a letter defendant personally received a statement of February 1, 1921, showing that plaintiff claimed a contract which certainly did not terminate before December 27, 1921. Monthly statements prior thereto had been sent to Brown at Newark in December, 1920 and January, 1921. Defendant admitted that he knew of the existence of the signs and had seen them with the advertising thereon but denied that he knew anything was owed therefor until he received plaintiff's above statement of February 1, 1921.

It appears also that plaintiff sent by mail to defendant, in answer to Brown's letter of January 28, 1921, a reply under date of February 2, 1921, in which the terms of the entire contract and discounts for advance payments were stated. Defendant denied ever having received this letter. On March 5, 1921, defendant, acting through Brown, paid plaintiff the advertising charge for the first year, taking advantage of the discount. In January, 1922, he notified plaintiff to discontinue the advertising thereby furnishing the foundation for the present litigation which was commenced March 30, 1923.

To the jury was presented the question, both of Gutridge's original authority to act for defendant and the question of whether defendant had ratified the contract even though it had been made without authority. While the former question should not have gone to the jury its finding for the plaintiff is clearly correct on the question of ratification. The verdict has been approved by the trial justice and there is no reason for us to disturb it.

(4)    Defendant also claimed that plaintiff was not entitled to collect in full for the portion of his contract after defendant had repudiated it. He further urged that there was no evidence to show the amount of loss which plaintiff had suffered by the breach. Plaintiff needed no other evidence

than the contract and its performance.  *United Merchants Realty & Improvement Co.* v. *American Bill Posting Co.*, 128 N. Y. Supp. 666.  The cases holding that a party not in default on an executory contract can recover only for the contract indebtedness to the time of breach and expenses which have been incurred before the renunciation by the other party have no bearing on this case.  The signs had been erected.  No new expense would be incurred unless the incidental one of upkeep.  The record discloses no testimony in regard to this although it shows that inspections were made.  We may assume that upkeep expense would be negligible.  Defendant made no claim of nonperformance by plaintiff and, if his claim was that plaintiff might have secured other advertising, the burden was on him to show that plaintiff's loss was less than the full contract price.  *Tradesman Co.* v. *Superior Mfg. Co.*, 147 Mich. 702; *Ware Bros.* v. *Cortland C. & C. Co.*, 192 N. Y. 439; *Star Pub. Co.* v. *Knosher & Co.*, 113 Pac. 569 (Wash.). Plaintiff had in substance at the time of defendant's breach performed its part of the whole contract and without evidence that plaintiff did secure or reasonably ought to have secured other advertising for the unexpired portion of the term contracted for, defendant is liable for the full contract price.  These are the damages which fairly and naturally arise from the breach.  *Greene* v. *Creighton*, 7 R. I. 1.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien*, all of Providence, for plaintiff.

*Philip C. Joslin, Ira Marcus*, for defendant.