BURKE, KUIPERS & MAHONEY, INC., Respondent, *v.* THE DALLAS DISPATCH COMPANY, Appellant.

First Department, January 28, 1938.

*Edgar H. A. Chapman* of counsel [*Reed & Chapman*, attorneys], for the appellant.

*Joseph F. Curren*, for the respondent.

O'MALLEY, J.  Plaintiff seeks damages for the unexpired term of a contract whereby it was to procure advertising for defendant's newspaper at specified rates of commission. Payment in full has been made with respect to the executed portion.

The evidence was clearly sufficient to justify a finding to the effect that there was a valid agreement in writing between the parties which was breached by the defendant. We are of opinion, however, that there was insufficient evidence to justify a verdict in the sum of $10,000, as directed by the trial justice, sitting without a jury.

The relation between the parties was not one merely of ordinary employment of a servant on specified terms, where *prima facie* the amount recoverable is the specified remuneration. Nor was it similar to a contract for publishing an advertisement in a periodical or newspaper where no additional investment or use of material is required. This rule, when applied to other situations, is confined to exceptional cases and to particular facts. Otherwise, the general rule, that the measure of damages is the difference between the contract price and the cost of performance, applies; and the burden of proving damages under this rule rests upon the plaintiff. (*Ware Bros. Co.* v. *Cortland C. & C. Co.*, 192 N. Y. 439; 210 id. 122.)

The situation here differs materially from that presented on the first appeal in the case cited. This plaintiff was not compelled to wait for payment until the completion of the contract. Moreover, it was obligated to maintain offices in New York, Chicago and such other cities as might be required and to provide as many solicitors in each of its offices so maintained as were necessary adequately to handle the business of soliciting. In addition,

the plaintiff was required to bill and collect for all advertising so placed and was to guarantee payment of all accounts. The record also discloses that plaintiff had traveling expenses in connection with defendant's business.

The plaintiff was not entitled to recover on the basis of probable gross commissions for the balance of the term, but was obligated to prove its damages under the usual rule by showing not only probable gross commissions to be received, but in some manner an estimate of the cost to be deducted from the gross commissions.

It is true that the record contains evidence sufficient to justify findings with respect to future gross commissions to be received by plaintiff from all of its business and commissions to be received from defendant's business and from which future net profits on all of plaintiff's business could be determined. The proportionate amount of net profit from these figures allocable to defendant's business, however, falls far short of sustaining the verdict in the amount directed by the court.

It follows, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide such event.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.