ARTHUR STROUGH and Others, Comprising the Mayor and the Board of Trustees of the Village of Canastota, New York, and CARL WEIMER and Others, Constituting the Water Commissioners of the Village of Canastota, New York, Appellants, v. FRED CONLEY and Others, Appellants; WILLIAM RYAN and JAMES RYAN and BESSIE M. BUTTON, as Successors in the Title of EDWIN BULL and SMITH CADY, of the Town of Sullivan, Madison County, New York, S. PERRY SMITH and ELLEN T. SMITH of Morrisville, New York, ROMAIN D. BUTTON and EMMA F. BUTTON, of the Town of Sullivan, New York, Respondents. — Defendants-appellants Conley and defendants Ryan have recovered judgments upon a counterclaim interposed wherein it was alleged that the appellant village failed to carry out the terms of a contract whereunder water was to be furnished to the two farms owned by the defendants. The defendants Conley appeal from the judgment upon the ground of inadequacy. All the issues, except the amount of damage done certain defendants and for which counterclaims were interposed, have been determined by this court. (251 App. Div. 487.) Under the former decision, the appellant village, during the past fifty years, has been and now is, required to maintain water pipes from the reservoir into which certain streams drain, to the farm buildings and premises of the defendants Conley and Ryan. It has been determined by the trial court that defendants Conley are entitled to damages of $1,000 for breach of contract to provide water for the six years immediately preceding the commencement of this action, and to the date of the trial, and the defendants Ryan to damages of $350 for a like period. This finding is sustained by the evidence. The claim for additional damages made by the defendants Conley for diminution in the amount of milk produced from the dairy was determined by the trial court to be too speculative and conjectural. We agree in that determination. Judgments affirmed, with costs. Hill, P. J., Crapser and Heffernan, JJ., concur; Bliss, J., dissents.

LETITIA PLACE, as Administratrix, etc., of HARVEY G. PLACE, Deceased, Appellant, v. FRANK V. SUTLAND (and F. V. SUTLAND, DENTIST, INC., Impleaded), Respondent.— Action for malpractice. An issue of fact was presented for determination by the jury. Judgment and order reversed, on the law and facts, with costs, and new trial granted. Hill, P. J., Bliss and Heffernan, JJ., concur; Crapser, J., dissents and votes for affirmance of the judgment appealed from on the ground that the only evidence that the defendant through his employees had indulged in bad practice referred to is found in the testimony of Dr. Greene as to statements made to him by the deceased that the employees had so instructed him. This evidence was received at the time it was offered over the objection of the defendant. The court limited it to the field of such statements when incorporated in the history the patient gave to his physician, and that such information may not be taken from that field and used to serve another purpose, namely, to be evidence of the truth of the facts contained in the recital.