BAMBERGER BROADCASTING SERV-
ICE, Inc., v. WILLIAM IRVING
HAMILTON, Inc., et al.

District Court, S. D. New York.
April 25, 1940.

Leon Lauterstein, of New York City (Leon Lauterstein, Emanuel Dannett, and Joseph F. Finnegan, all of New York City, of counsel), for plaintiff.

Francis J. Costello, of Syracuse, N. Y., for defendant William Irving Hamilton, Inc.

James A. Beha, of New York City, for defendant Ramsdell, Inc.

GODDARD, District Judge.

This is a motion by plaintiff for a summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The record shows that except as to the amount of damages there is no genuine issue as to any material fact and a partial summary judgment for plaintiff as indicated herein is granted.

On June 15, 1939 plaintiff entered into a contract with defendant William Irving Hamilton, Inc., a New York advertising agency, whereby it agreed to broadcast a special program for a period beginning on Monday, July 24, 1939 and ending on Friday, December 8, 1939. The contract specified the weekly rate to be paid for the broadcast and provided for an annual rebate payable at the end of a fifty-two week period. The agreement specified that the sponsor of the program was defendant Hamilton, Inc., and Ramsdell, Inc., Hamilton's client. Although Ramsdell, Inc., did not sign the contract, it has not denied that it was made for its benefit and at its direction.

There had been two previous contracts between the parties and it was understood that the fifty-two week period, after which the rebate would be payable, began to run at the time of the payments for broadcasts under the first contract and expired fifty-two weeks thereafter, on October 20, 1939. Each of the previous contracts were substantially similar to that dated June 13, 1939, excepting that each contained clauses permitting either party to cancel after a specified time upon giving four weeks' written notice. No provision for cancellation was contained in the contract of June

13, 1939. All the contracts obligated the sponsor to furnish suitable programs to plaintiff. The agreement of June 13, 1939 contained in part "14" the following provision: "This agreement embodies the entire understanding between the . parties hereto, all previous understandings being merged herein".

On September 19, 1939 the President of defendant William Irving Hamilton, Inc., sent a notice to plaintiff that the contract would be cancelled after the broadcast on October 20, 1939 and that the sponsor would thereupon be entitled to the fifty-two week rebate. On September 25, plaintiff notified defendant Hamilton, Inc., that it refused to accept the notice of cancellation. On October 25, 1939 defendant Hamilton, Inc., sent plaintiff a cheque for $2,-628 and stated that this cheque covered "September time costs after deducting the rebate of $5,304 which was due us on October 20th". No payments for October had been made as yet and plaintiff promptly wrote Mr. Hamilton stating that his "purported deduction of $5,304 as a rebate is plainly unwarranted, particularly in view of your failure to pay time costs when due and your breach of other terms of the agreement. Our acceptance of such check is without prejudice to our right to recover the additional sums due us for time costs for the month of September."

On November 10, 1930 defendants forwarded to plaintiff a letter enclosing a cheque for $5,996.25; this cheque was tendered in full payment of time charges for the weeks ending October 5, 13, and 20, and it was stated to be "in full payment and satisfaction of all charges and represents the final balance due WOR–Bamberger Broadcasting Service, Inc., James L. Scribner and The Johnson Family, Inc." under the various agreements between the parties, including the agreement of June 13, 1939. The cheque was rejected, the letter of transmittal stating that the reason for the rejection was "the terms you improperly impose as a condition to its acceptance".

During the period from October 20, 1939 to December 8, 1939 plaintiff continued to broadcast at its own expense defendants' program "The Johnson Family" and it now seeks three items as damages on this action: (1) The amount which defendants deducted from the time charges for September, 1939, i. e. $5,304; (2) the time and charges for the October period—

$5,940; and (3) $14,630 as damages for breach of the agreement, this amount being equal to the time charges of $13,860 for the period October 20, 1939 to December 8, 1939 plus $770 the cost of the program entitled "The Johnson Family".

In opposition to the motion, defendants argue (1) that the complaint fails to state a cause of action; (2) that the court has no jurisdiction because under section 218 of the General Corporation Law of New York, Consol.Laws, c. 23, plaintiff, as a foreign corporation that has not procured a certificate of authority to do business in this state, cannot sue in this state upon a contract executed, delivered and partly performed here; (3) that a right to cancel the contract must be inferred from the terms of the previous contracts and the customs and the usage of the business; and (4) plaintiff's acceptance of the cheque for $2,628 effected an accord and satisfaction between the parties so far as the September charges are concerned and was also an acceptance of the notice of cancellation.

■ The first objection is frivolous and must be overruled. It is clear, and indeed it is not denied, that defendant Ramsdell, Inc., was a party to the contract. So far as the liability of defendant Hamilton, Inc., as a principal is concerned, it is sufficient that it signed the contract as a sponsor and agreed to be liable for the time charges.

■ The second objection cannot be supported by authority. See Lupton's Sons Co. v. Automobile Club, 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699; Richmond Cedar Works v. Buckner, C.C., 181 F. 424.

■ The third objection must likewise be overruled. The contract is not ambiguous and permits nothing to be read into it. Moreover, even if custom and usage could vary its terms, no custom or usage such as claimed by defendants had been shown to exist.

■ The fourth objection is without merit. Defendants, in tendering of the cheque accepted by plaintiff, were not making a payment of a sum in settlement of a dispute. The tender was rather an admission of its liability for the time charges for September (Hudson v. Yonkers Fruit Co., Inc., 258 N.Y. 168, 179 N.E. 373, 80 A.L.R. 1052) and plaintiff unequivocally rejected any assumption to the effect that it was accepting an offer to cancel the contract.

However, under the terms of the contract defendants are entitled unconditionally to a rebate of $5,304 provided the time charges for fifty-two weeks are paid.

The motion for a partial summary judgment in the amount of $5,940, the time charges remaining unpaid for the three weeks of October, 1939, is granted.

There is no issue as to the remaining $14,630, except as to the amount of the actual damage sustained by plaintiff. Defendants may be able to show that plaintiff might have mitigated the damages. Ware Brothers Company v. Cortland Cart & Carriage Co., 192 N.Y. 439, 85 N.E. 666, 22 L.R.A.,N.S., 272, 127 Am.St.Rep. 914 and Id., 210 N.Y. 122, 103 N.E. 890.

An order may be entered in accordance with the above.

Settle order on notice.