OWEN-FIELDS, INC., Respondent, v. SUDOW, Appellant
(292 N. W. 110.)

(File No. 8302.   Opinion filed May 11, 1940.)

**Geo. H. Fletcher,** of Aberdeen, for Appellant.
**Max Stokes,** of Aberdeen, for Respondent.

ROBERTS, J.   Plaintiff brought this action in the municipal Court of the City of Aberdeen to recover the amount alleged to be due under a contract.   Findings and judgment were in favor of the plaintiff, and from the judgment and order denying a new trial defendant appeals.

On May 8, 1934, plaintiff entered into a contract with the defendant which reads as follows: "Owen-Fields, Inc. Commerce Building, Kansas City, Mo.   Reserve for ME US the right to use your COPYRIGHTED Human Interest series

in advertising the Department Store Business in newspapers of and other media of Aberdeen, State of South Dakota, only, during the term of this contract and any renewal thereof and furnish ME US Fifty-two mats for each year that the contract shall continue, with copy written as you think best, shipping ME US Four or Five mats monthly F. O. B. Kansas City by mail. * * * For the right to use the above mentioned series as stated above I WE agree to pay you at Kansas City at the rate of Two Hundred Eight 00/100 Dollars ($208.00) yearly, payments for the first year to be made as follows: Fifty-two 00/100 Dollars ($52.00) by check 30 days from Date and Fifteen 60/100 Dollars ($15.60) on the first of each month thereafter until the yearly contract price (above stated) has been fully paid I WE agree also to reimburse you monthly for postage used in shipment. Fifteen days after failure to meet any of the payments due, the whole amount remaining unpaid shall become due and payable forthwith. * * * It is understood that Owen-Fields, Inc., agrees not to furnish the above named series to anyone else in the place or places designated above during the term of this contract or any renewal of it, so long as there shall be no default by ME US and I WE agree that the use of this series or any part thereof shall terminate with this agreement. * * * Neither party will be held responsible for any provisions or representations not embodied in writing herein and this contract is not subject to cancellation."

Plaintiff alleges full compliance with this contract and demands judgment for $208.60, the amount of the contract.

The complaint does not specifically allege any damages resulting to plaintiff from the breach of the contract. Plaintiff relied upon the language in the contract stipulating for the recovery of the amount remaining unpaid as a basis for enforcement of its claim. The trial court found that defendant had breached the terms of the contract; that the defendant had failed to make any payments thereunder; and that plaintiff was entitled to recover the contract price.

■■ Defendant contends that Section 64, Chapter 355, Laws 1921, the Uniform Sales Act, establishes the proper

measure of damages; that the measure of damages is the difference between the contract price and the market price at the time when the goods contracted to be sold to the defendant should have been accepted, and not the full contract price of the goods. We cannot accede to the contention that the contract is one of sale. It is not claimed that the so-called mats were in existence at the time the contract was signed. Defendant contracted with the plaintiff for the right to use copyrighted advertisements. These, under the terms of the contract, were to be written by the plaintiff and furnished in the form of mats. In every sale the seller transfers the property in the goods for a consideration called the price, and in every contract to sell the seller agrees to transfer the property for a consideration agreed upon. § 1, Chap. 355, Laws 1921, Uniform Sales Act. Service is the predominant feature of the transaction in the instant case and if, under the terms of the contract, title to the mats were to vest in the defendant, such transfer was merely incidental. See Ware Bros. Co. v. Cortland Can & C. Co., 192 N. Y. 439, 85 N. E. 666, 22 L. R. A., N. S., 272, and annotation, 127 Am. St. Rep. 914; and 41 A. L. R. 198. The Uniform Sales Act was not applicable to the agreement in question.

We need not consider the validity of the provision in the contract stipulating the amount of the recovery in the event of a breach or the elements of damages for breach of contract for advertising service when proof of actual damage is required. What we have said as to the provisions of the Uniform Sales Act disposes of defendant's contention with reference to the measure of damages.

■ Complaint is made that the trial court admitted parol evidence to prove the contents of a written instrument. Error, if any, in the admission of the evidence was harmless. The facts thus sought to be proved were subsequently established by admission of the written instrument in evidence.

The judgment and order appealed from are affirmed.

SMITH, P.J., and POLLEY and RUDOLPH, JJ., concur

WARREN, J., concurs in affirmance.