## (November 12, 1968)

■ WEST, WEIR & BARTEL, INC., Appellant-Respondent, v. MARY CARTER PAINT Co., Respondent-Appellant.— Judgment unanimously affirmed, without costs and disbursements. Findings of fact, if any, inconsistent with the findings and conclusions herein stated are reversed and vacated. The over-all burden of proving damages was on plaintiff, including the burden of showing a fair and approximate estimate of the cost to be deducted from the gross commissions. (See *Burke, Kuipers & Mahoney* v. *Dallas Dispatch Co.,* 253 App. Div. 206; see, also, *Preager* v. *Unity Shoemakers Corp.,* 257 App. Div. 632; *Slater*

*v. Kane*, 275 App. Div. 648; *Allen, Heaton & McDonald v. Castle Farm Amusement Co.*, 151 Ohio St. 522.) Furthermore, plaintiff was in control of the records and of the witnesses, whose testimony would establish its actual loss, including "deductible savings in costs" (see 25 A D 2d 81, 89), and, therefore, the burden of evidence would rightfully be imposed on it. (See 31A C. J. S., Evidence, § 113.) Otherwise put, we may, in any event, construe most strongly against the plaintiff all reasonable inferences which it had the opportunity to contradict by producing evidence within its control. (See 1 Bender's New York Evidence, §§ 30.02, 30.03.) It is on this basis that we examine and evaluate the proofs and the findings of the trial court. The findings, with proper support, set forth the time which would have been devoted by the several employees of Ellington (plaintiff's predecessor) in the matter of the servicing of the defendant's account during the first six months of 1962. As noted in the trial court's decision, Ellington, on loss of defendant's account, would be able to utilize the time of such employees, that would have been devoted to the account, to the servicing of other or new accounts, and the plaintiff has failed to show that such time was not so utilized or could not reasonably be used profitably in Ellington's interests. Thus, on basis of the findings and the record, the savings in employee costs, to be deducted from prospective gross commissions, were properly fixed at $22,937. Finally, on the record, we find that the sum of $10,563 fairly and approximately represents Ellington's savings in overhead by reason of the loss of defendant's account for the six-month period. The result is that a recovery in plaintiff's favor in the sum of $67,435 is properly supported. Concur — Botein, P. J., Eager, Steuer, Capozzoli and McNally, JJ.