■ [In the Matter of Bozart Realty Corp., Petitioner, v. City of New York et al., Respondents. In the Matter of Concord Realty Co. et al., Appellants, v. City of New York et al., Respondents.— On remand to this court by order of the Court of Appeals entered on May 3, 1972 [30 N Y 2d 308], directing a determination on the merits, we treat the relief sought by the petitioners as one for a declaratory judgment. We deny the requested declaration of the petitioners that the respondents are without jurisdiction or authority

to reduce rents because of a diminution of services by landlords, even when occasioned by strikes; and we unanimously affirm, on the law and the facts, the order of Special Term, New York County, October 2, 1970, dismissing the petition herein and denying an injunction, without costs and without disbursements. In reaching this disposition, we are swayed by the determination of the National Labor Relations Board that the city was guiltless of any violation or interference with labor management relations; and we are also influenced by the petitioner's concession that there no longer exists any issue as to improper motive by the respondents. We also alternatively declare that the power exists to decrease maximum rents whenever essential services are decreased, even when caused by a strike rather than by attempted circumvention or evasion of rent controls. However, since the strike which precipitated the instant controversy has long since been settled, and since no actual reduced rents are before us, we are not required, at this juncture, to pass upon any specific formula of reduction. We confine our declaration to the conclusion the respondents do have the authority to reduce maximum rents in a labor dispute, as tenants are not required to pay for services they do not receive, assuming the motives of the respondents would be "as neutral as the circumstances permit." Concur — Stevens, P. J., McGivern, Tilzer, Eager and Capozzoli, JJ.