OPINION OF THE COURT

Per Curiam.

Final judgment entered May 29, 1981 is affirmed, with $25 costs.
“It is the obligation of the trial court to determine the value of the services of which the tenants are deprived, the severity of the violation at issue, the extent and duration of any deprivation, and the responsiveness of the landlord in dealing with the problem” (N Town Roosevelt Assoc. v Muller, NYLJ, Oct. 27, 1980, p 6, col 4), and “Tenants are not required to pay for services they did not receive” (Goldner v Doknovitch, 88 Misc 2d 88, 91). Viewed in this light, the award of a 25% abatement of rent to tenant, considering the state of disrepair of her apartment, is not excessive.
*53 Admittedly tenant agreed, as a condition to securing her tenancy, to paint and renovate the apartment at her own expense. Tenant not only failed to honor that agreement but predicated her cause of action for breach of warranty of habitability largely upon the poor physical condition of the apartment. Landlord contends that the tenant’s refusal to undertake the repair of the premises, as promised, constitutes tenant “misconduct” under section 235-b of the Real Property Law, which precludes tenant from protection otherwise afforded by the warranty of habitability. The word “misconduct” is subject to judicial interpretation (Segal v Justice Ct. Mut. Housing Co-op., 105 Misc 2d 453, affd 108 Misc 2d 1074). Section 235-b of the Real Property Law provides that “[w]hen any * * * condition [impairing habitability] has been caused by the misconduct of the tenant * * * or persons under his direction or control, it shall not constitute a breach of such * * * warranties.” Section 235-b, however, further provides that “[a]ny agreement by a * * * tenant of a dwelling waiving or modifying his rights as set forth in this section shall be void as contrary to public policy.” Since the agreement by tenant to paint or renovate — aside from being unduly vague — is void as an attempt to circumvent warranties of habitability by section 235-b, the tenant’s failure to honor that agreement cannot be said to constitute “misconduct” depriving her of rights guaranteed by that section.